UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00141-M-BM

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | MOTION TO DISMISS INDICTMENT |
| DEVANTE TYRELL BYNUM | |

Defendant Devante Tyrell Bynum, through undersigned counsel, respectfully asks this Court to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). The statute Mr. Bynum allegedly violated, 18 U.S.C. § 922(g)(1), violates his Second Amendment right to keep and possess arms, both facially and as applied to Mr. Bynum.

On May 3, 2023, Mr. Bynum was charged in a single-count indictment in the Eastern District of North Carolina of with one count of being a felon in possession of a firearm on November 27, 2022, in violation of 18 U.S.C. § 922(g)(1). D.E. 1. Pursuant to *New York State Rifle & Pistol Association*, *Inc. v. Bruen*, ___ U.S. ___, 142 S. Ct. 2111 (2022), Section 922(g)(1) is facially unconstitutional and unconstitutional as applied to Mr. Bynum. If "the Second Amendment's plain text covers an individual's conduct," then under *Bruen*, "the Constitution presumptively protects that conduct." *Id.* at 2129-30. To rebut the presumption, the government must show that a challenged law "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. The test for historical consistency is demanding: a firearm regulation is consistent with American tradition only if similar regulations were widespread and commonly accepted in the founding era. Because possession of a firearm comes within the Second Amendment's

1

"plain text," Mr. Bynum's alleged conduct is presumptively protected.  The government

cannot rebut that presumption.  Felon-disarmament laws, which did not appear in the

United States until the 20th century, were unknown to the generation that ratified the

Second Amendment.  Pursuant to *Bruen*, Section 922(g)(1) violates the Second Amendment

as it was understood at the time of its adoption, on its face and as applied to Mr. Bynum.

*See, e.g.*, *Range v. Attorney General*, 69 F.4th 96 (3d Cir. Feb. 15, 2023) (en banc), *United*

*States v. Bullock*, No. 3:18-CR-00165-CWR-FKB, D.E. 79 (S.D. Miss. June 28, 2023),

*United States v. Forbis*, No. 4:23-CR-00133-GKF, D.E. 37 (N.D. Okla. Aug. 17, 2023);

*United States v. Quailes*, No. 1:21-CR-00176-JPW, D.E. 102 (M.D. Pa. Aug. 22, 2023);

*United States v. Harper*, No. 1:21-CR-00236-JPW, D.E. 82 (M.D. Pa. Sept. 1, 2023).  The

Court, therefore, should dismiss the indictment.

     Respectfully submitted, this the 29th day of September, 2023.

G. ALAN DUBOIS
Federal Public Defender

*/s/ Snayha M. Nath*
SNAYHA M. NATH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Snayha_Nath@fd.org
DC Bar No. 1021111
LR 57.1 Counsel Appointed

2

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

ASHLEY H. FOXX
Assistant United States Attorney
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the above.

This the 29th day of September, 2023.

*/s/ Snayha M. Nath*
SNAYHA M. NATH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Snayha_Nath@fd.org
DC Bar No. 1021111
LR 57.1 Counsel Appointed
